IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-88 |
| | § | C.A. No. C-07-412 |
| PHU NGUYEN, | § | |
|     Defendant-Movant. | § | |

## ORDER

On October 22, 2007, the Clerk's office received a one-page document from Defendant Phu Nguyen, titled as a "Notice of Appeal." (D.E. 33.)[1] In it, however, Nguyen appears to reference 28 U.S.C. § 2255. Specifically, he states that he is "request[ing] a direct appeal under 2255." (D.E. 33 at 1.) He does not list any grounds for relief, nor does he indicate what order or judgment he wants to appeal from.

The criminal judgment against Nguyen was entered on June 21, 2007. (D.E. 28.) Thus, if he intended this document to be a notice of appeal from his criminal judgment, it is untimely. See Fed. R. App. P. 4(b) (criminal defendant's notice of appeal must be filed within 10 days after entry of judgment, although that period can be extended for up to 30 days additional days by the district court for "excusable neglect or good cause"). Nguyen has provided no explanation as to why it is untimely. Instead of treating it as a notice of appeal, however, the Clerk has docketed it as a motion pursuant to 28 U.S.C. § 2255.

It is not clear to the Court whether Nguyen intended his document as a notice of appeal from his criminal judgment, or if he intended to submit a § 2255 motion. Particularly in light of the Supreme

---

[1] Docket entry references are to the criminal case.

1

Court's recent decision in Castro v. United States, 540 U.S. 375 (2003), however, the Court declines to construe his motion as a § 2255 motion absent further direction from him. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Nguyen for filing such a motion.

Pursuant to the directives of Castro, Nguyen is further advised that if he files a § 2255 motion he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Nguyen will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2] See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

---

[2] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that Nguyen wishes the Court to consider should be asserted in any § 2255 motion he files.

## CONCLUSION

For the foregoing reasons, Nguyen's motion (D.E. 33), which has been docketed as a motion to vacate under 28 U.S.C. § 2255, is DENIED WITHOUT PREJUDICE. If Nguyen intended the document to initiate a direct appeal from his criminal judgment, he shall so inform the Court and shall also provide the Court with an explanation as to why his notice of appeal was not timely filed. Any such statement shall be submitted not later than 30 days after the entry of this order.

Additionally, the Clerk is directed to send blank § 2255 forms to Nguyen. If Nguyen wishes to file a § 2255 motion asserting grounds for relief from his conviction or sentence, he should do so on the forms being sent to him.

It is so ORDERED this 26th day of October 2007.

_____
Janis Graham Jack
United States District Judge