**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-88 |
| | § | C.A. No. C-07-412 |
| PHU NGUYEN, | § | |
|     Defendant-Movant. | § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR APPOINTMENT OF COUNSEL,
ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR DOCUMENTS,
AND ORDER FOR RESPONDENT TO ANSWER**

On October 22, 2007, the Clerk's office received a one-page document from Defendant Phu Nguyen, titled as a "Notice of Appeal." (D.E. 33.)[1] In it, Nguyen stated that he was "request[ing] a direct appeal under 2255." (D.E. 33 at 1.) He did not list any grounds for relief, nor did he indicate what order or judgment he wanted to appeal from. In an Order entered October 26, 2007, this Court declined to construe his motion as one under 28 U.S.C. § 2255 and instead denied the motion without prejudice. (D.E. 34.) The Court further directed the Clerk to send Nguyen forms for filing a § 2255 motion and also gave Nguyen the warnings and instructions required by Castro v. United States, 540 U.S. 375 (2003). (See D.E. 34.)

On November 7, 2007, the Clerk received from Nguyen a completed § 2255 motion (D.E. 37), as well as a motion for appointment of counsel, in which he also requests copies of "a transcript, docket sheet and a direct appeal record." (D.E. 36.) For the reasons set forth herein, Nguyen's motion for appointment of counsel is DENIED WITHOUT PREJUDICE. His motion for documents is

---

[1] Docket entry references are to the criminal case.

1

GRANTED IN PART and DENIED IN PART. Additionally, the United States is required to answer Nguyen's § 2255 motion and Nguyen is permitted to respond, as set forth in Section III of this Order.

## I. ORDER ADDRESSING MOTION FOR APPOINTMENT OF COUNSEL

Although Nguyen seeks counsel to assist him with his § 2255 motion, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of § 2255 proceedings in which the Court is required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (2007) (hereinafter "the § 2255 Rules") (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery"). None of those situations has yet occurred here, however, and the Court finds that Nguyen has thus far been able to present his claims adequately without the assistance of counsel. Accordingly, Nguyen's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

## II. ORDER ADDRESSING MOTION FOR DOCUMENTS

Although not docketed as a separate motion, Nguyen's motion for appointment of counsel also includes a request for "a transcript, docket sheet and a direct appeal record." (D.E. 36 at 1.) Nguyen's request is GRANTED IN PART and DENIED IN PART. As to his request for a copy of the docket sheet, it is GRANTED and the Clerk is instructed to provide a copy of the docket sheet to Nguyen.

His request for "a transcript" is GRANTED insofar as it is a request for a copy of the rearraignment and sentencing transcripts. An indigent defendant has a statutory right to free transcripts in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317, 96 S. Ct. 2086 (1976). The defendant must, however, establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). Nguyen's § 2255 motion is currently pending before the Court. In it, he argues that he was denied effective assistance of counsel because his court-appointed counsel told him he would receive a sentence at the low end of the guideline range, which he believes was 51 months, and he was in fact sentenced to 60 months. (D.E. 37 at 5.) The Court finds that both the rearraignment and sentencing transcripts may well be needed to decide the claim raised by Nguyen. Thus, the Court ORDERS that the government shall provide copies of those two transcripts to Nguyen when it serves a copy of its response to his § 2255 motion.

Finally, the Court DENIES Nguyen's motion for the appellate record. As an initial matter, he did not appeal and so there is no "appellate record." Moreover, to the extent his request can be construed as a request for the entire record in the case, the Court finds that request to be frivolous and unnecessary.

### III. ORDER FOR RESPONDENT TO ANSWER

Having reviewed Nguyen's § 2255 motion, as required by Rule 3(b) of the § 2255 Rules, it is ORDERED that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. As part of its answer, the government should address the effect of Nguyen's waiver of his right to file a § 2255 motion, which was contained in his written plea agreement. (D.E. 20). In particular, the government shall address: (1) whether the record supports the conclusion that the waiver was knowing and voluntary; (2) whether the waiver is enforceable; and

(3) whether the waiver precludes Nguyen from bringing the sole ground raised in his motion.  See generally United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

Irrespective of whether the United States argues that Nguyen's sole claim is barred by his waiver, the United States' response shall also address that claim on its merits.

It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record.  Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the § 2255 Rules, Nguyen may file a reply not later than thirty days after service of the government's answer.

It is so ORDERED this 15th day of November, 2007.

_____
Janis Graham Jack
United States District Judge